IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD LEE MORSE, Ph.D.,

    Plaintiff,

vs.                                                                                                     No. CIV 08-1192 JB/RLP

COUNTY OF LOS ALAMOS and
LOS ALAMOS POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37, filed August 12, 2009 (Doc. 18). The Court held a hearing on November 25, 2009. The primary issue is whether the Court should dismiss the Complaint of Richard Lee Morse as a sanction for failing to comply with the Court's initial scheduling order, failing to attend the rule 16 scheduling conference, failing to file initial disclosures, and failure to comply with discovery obligations. Because Morse has willfully refused to take part in this case pending before the Court, the Court will conditionally grant the Defendants' motion for sanctions. Morse has ten days to meet his actively due obligations, and, if he fails to do so, the Court will dismiss his Complaint without prejudice.

## FACTUAL BACKGROUND

Morse filed his Complaint pro se in state court in the First Judicial District, County of Los Alamos, New Mexico on November 12, 2008. See Complaint (Doc. 1-2). His Complaint alleges police brutality, vandalism, pain and suffering, theft, and medical-dental injuries against the County of Los Alamos and the Los Alamos Police Department ("Defendants"). Morse contends that his

claims arise from jailing, beating, and subsequent abuse of authority by the Defendants on and subsequent to November 24, 2006.  See Complaint at 1.  The Defendants filed a notice of removal to federal court on December 24, 2008.

## PROCEDURAL BACKGROUND

The Honorable Richard Puglisi, United States Magistrate Judge for the District of New Mexico, issued an Initial Scheduling Order on January 12, 2009, which required the parties to meet and confer no later than February 25, 2009, to prepare a Joint Status Report and Provisional Discovery Plan, and scheduled a rule 16 scheduling conference for March 18, 2009.  See Initial Scheduling Order at 1, filed January 12, 2009 (Doc. 7).  Morse did not obey the Initial Scheduling Order.  First, Morse failed to file his portions of the Joint Status Report and Provisional Discovery Plan.  See Joint Status Report and Provisional Discovery Plan at 1, filed March 11, 2009 (Doc. 8) ("Note: Defendants have been unable to contact Plaintiff to meet and confer.  All mail has been returned and telephone calls have not been answered.").  Second, Morse did not attend the rule 16 scheduling conference that the Court held on March 18, 2009.  See Transcript of Hearing at 1:25-2:2 (taken November 25, 2009)("Nov. 25 Tr.")[1](Sullivan)(stating that an unsuccessful attempt was made to reach Morse telephonically for the rule 16 conference using the number on record with the Court).  Third, Morse did not serve initial disclosures under rule 26(a)(1), as required by the Initial Scheduling Order.  See Motion at 2.

Defendant Los Alamos County served its First Set of Interrogatories to Plaintiff and First Requests for Production of Documents on Morse on April 30, 2009.  See Certificate of Service of First Set of Interrogatories to Plaintiff and First Requests for Production of Documents, filed

---

[1] The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited versions.  Any final transcripts may contain slightly different page and/or line numbers.

April 30, 2009 (Doc. 14).  Morse also did not respond to this discovery request.  See Motion at 2. The Defendants served Morse with a deposition notice on June 17, 2009.  See Certificate of Service for Notice of Deposition, filed June 17, 2009 (Doc. 16).  The Defendants scheduled Morse's deposition for August 3, 2009.  See Motion at 2.  Morse failed to attend the scheduled deposition or otherwise notify the Defendants of his inability to attend.  See id.  To date, the Defendants have not received from Morse any notice regarding the rescheduling of his deposition.  See id.  Morse also failed to provide answers and responses to discovery requests that the County served on him. See id.

In addition, the Defendants have attempted, without success, to communicate with Morse. See Nov. 25 Tr. at 1:24-2:2.  Morse has also not updated his contact information with the Court, as the Court has received returned mail sent to Morse's address of record.  See Docs. 13, 17, 23, and & 25.  The Defendants now move for sanctions against Morse under rule 37.

The Court held a hearing on Defendants' motion for sanctions on November 25, 2009. Before the hearing, the Court's courtroom deputy, Ms. K'Aun Wild, attempted to reach Morse at his telephone number of record, but the number was disconnected.  See Tr. at 2:8-9 (Wild).  At the hearing, the Court again attempted to reach Morse by telephone and was unsuccessful.  See Tr. at 2:16-20 (Court).  The Court indicated that it was inclined to conditionally grant the Defendants' motion, but give Morse ten days to correct his deficiencies before dismissing his case.  See Tr. at 4:10-16 (Court).  The Court also stated that, if it dismissed Morse's case, it was inclined to do so without prejudice, given its concern about notice to Morse.  See Tr. at 4:16-24 (Court).

On November 30, 2009 -- one day before the Pretrial Conference -- Ms. Wild located, via an internet white pages search, a telephone number listing for a "Richard L. Morse" located in Carlsbad, New Mexico.  Ms. Wild left a message on the answering machine.  Ms. Wild then

telephoned again the number for Morse on record with the Court, and this time, a gentleman answered. Although he did not confirm for Ms. Wild that he was Richard Morse, he informed her that this case had been sent back to state court. Ms. Wild informed the gentleman that the case is still pending before the Court and notified him of the Pretrial Conference scheduled for December 1, 2009. The gentleman informed Ms. Wild: "I don't have time for this" and hung up the telephone. See Transcript of Pretrial Conference at 2:14-3:22 (taken December 1, 2009) ("Dec. 1 Tr.")(Court).

On the day of the Pretrial Conference, the Court instructed Ms. Wild to again call Morse to see if he wanted to participate in the conference. Ms. Wild reached Morse at his telephone number of record, but he said he did not know why she was calling. See Dec. 1 Tr. at 1:23-25 (Court). Ms. Wild informed Morse that she was calling at the Court's instruction and asked if he would like for her to give him the number to call so that he could telephonically participate in the Pretrial Conference. See Dec. 1 Tr. at 1:25-2:3 (Court). Morse then hung up on Ms. Wild. See Dec. 1 Tr. at 2:3 (Court). Morse did not attend the Pretrial Conference, either by telephone or in person, and the Court indicated it intended to proceed as it had stated on November 25, 2009. Because the Court had no pretrial order from the parties and it appeared likely that there would be no trial, the Court did not conduct a Pretrial Conference, vacated the trial scheduled on the Court's trailing docket for December 14, 2009, and rescheduled the trial on the Court's January 11, 2009 trailing docket.

**LAW REGARDING RULE 37 SANCTIONS**

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the court to "issue further just orders" and to impose various sanctions upon a party for failure to comply with "an order to provide or permit discovery," including: (i) ordering that designated facts be taken as established; (ii) precluding the disobedient party from supporting or opposing matters at issue or "introducing

designated matters in evidence;" (iii) "striking pleadings in whole or in part;" (iv) "staying further proceedings until the order is obeyed;" (v) dismissing the action; (vi) "rendering a default judgment against the disobedient party;" and (vii) treating the failure to obey the discovery order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). Dismissal of an action is "an extreme sanction" that is appropriate only if there has been "willful misconduct." Id. The Supreme Court of the United States has held that:

> whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is 'just.' There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery. Further, that Rule is on its face appropriate only as a defendant's remedy, while Rule 37 provides more expansive coverage by comprehending disobedience of production orders by any party. Reliance upon Rule 41, which cannot easily be interpreted to afford a court more expansive powers than does Rule 37, or upon 'inherent power,' can only obscure analysis of the problem before us. . . . . [T]he Rule allows a court all the flexibility it might need in framing an order appropriate to a particular situation.

Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. 197, 207-08 (1958). The Supreme Court held that "Rule 37 should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner," and noted that a district court "possesses wide discretion to proceed in whatever manner it deems most effective" and just in the realm of discovery. 357 U.S. at 212-13.

The United States Court of Appeals for the Tenth Circuit has "repeatedly upheld dismissals

in situations where the parties themselves neglected their cases or refused to obey court orders."

Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  The Tenth Circuit has held that a district court may not dismiss a complaint with prejudice as a sanction for failing to obey a discovery order without considering the factors listed in Ehrenhaus v. Reynolds:

> Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  This list, hereinafter referred to as the *Ehrenhaus* factors, is not exhaustive, nor are the factors necessarily of equal weight.  Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Procter & Gamble Co. v. Haugen, 427 F.3d 727, 738 (10th Cir. 2005)(internal quotation marks and citations omitted).

"A party's pro se status does not relieve him from complying with the court's procedural requirements."  Barnes v. United States, 173 Fed. Appx. 695, 697 (10th Cir. 2006); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994)("Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Though federal courts should construe a pro se litigant's pleadings liberally, the pro se litigant must also comply with the minimum requirements that the local rules establish.  See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

## **LAW REGARDING NOTICE**

"The [Due Process] Clause imposes procedural limitations on a State's power to take away protected entitlements."  DA's Office v. Osborne, 129 S. Ct. 2308, 2319 (2009)(citing Jones v. Flowers, 547 U.S. 220, 226-39 (2006)).  Generally, due process requires:

> notice reasonably calculated, under all the circumstances, to apprise interested parties

>of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

In re Barton Indus., Inc., 104 F.3d 1241, 1245 (10th Cir. 1997)(quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)(internal citations omitted)). "The Constitution does not require that an effort to give notice succeed." Ho v. Donovan, 569 F.3d 677, 680 (7th Cir. 2009) (citing Dusenberry v. United States, 534 U.S. 161 (2002)).

The Supreme Court in Jones v. Flowers, 547 U.S. 220 (2006), held that, "when [a] mailed notice of a tax sale is returned unclaimed," the due-process clause requires the state to "take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." Jones v. Flowers, 547 U.S. at 222. Because the state in Jones v. Flowers had sent notice by certified mail and the mail had been returned undelivered, the Supreme Court held that the state should have done something more, such as following up with notice by regular mail, because a party who is not a home during the day or who has moved may be more likely to receive regular mail. See 547 U.S. at 234-35. The Supreme Court also noted that other options included posting notice on the door of the property or addressing regular mail to "occupant," which might have caught the absent owner's attention. See 547 U.S. at 234-35.

## ANALYSIS

As an initial matter, the Court would probably be on good grounds to grant the Defendants' motion as unopposed and deem Morse's failure to respond in any way to it as consent to grant it. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b), at 4-5 (as amended April 11, 2006). Nevertheless, because Morse is proceeding pro se and there are notice

issues, the Court will examine carefully the merits of the Defendants' motion and not procedurally default here.

Morse's pro se status does not relieve him from complying with the Court's procedural requirements or the Federal Rules of Civil Procedure. See Barnes v. United States, 173 Fed. App'x at 697; Ogden v. San Juan County, 32 F.3d at 455. Morse has not defended his conduct and his conduct appears indefensible. Morse's has engaged in conduct that has demonstrated willful neglect of his federal case: (i) he failed to file his portions of the Joint Status Report and Provisional Discovery Plan; (ii) he failed to participate in the rule 16 conference; (iii) he failed to serve initial disclosures to the Defendants; (iv) he failed to answer or respond to any of the Defendants' discovery requests; (v) he failed to attend his deposition; and (vi) he failed to participate in the hearing before the Court. Moreover, when the Court's Courtroom Deputy Clerk got in touch with him, after considerable effort, he hung up on her several times, was rude, used a loud voice, and indicated that he was not interested in his case. Then, when invited to participate, at least by telephone, in the Pretrial Conference, he declined to do so. Additionally, the returned mail the Court has received on numerous occasions from Morse's address of record indicates a violation of the local rules. Local Rule 83.6 states: "All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses." D.N.M.LR-Civ. 83.6.

The Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Morse's behavior evidences clear neglect of his case, and his refusal to obey the Initial Scheduling Order or otherwise participate in this litigation demonstrates to the Court that rule 37 sanctions are appropriate. The Tenth Circuit has held that a district court may not dismiss

a complaint with prejudice as a sanction without considering the following factors: (i) the degree of actual prejudice to the other party; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. See Procter & Gamble Co. v. Haugen, 427 F.3d at 738. The factors are not exhaustive, nor are the factors necessarily of equal weight. See id. Applying these factors to the matter before the Court, the factors weigh in favor of dismissing Morse's Complaint. Morse's failure to respond to any discovery requests or to appear for his deposition has caused actual prejudice to the Defendants. The Defendants have apparently been denied all discovery in this case, and the time for discovery has now passed. The Court has now scheduled and had several conferences and/or hearings without Morse's participation, and had to vacate the trial date. Ms. Wild's recent exchange with the gentleman who professed knowledge of the case but refused to identify himself as Morse suggests to the Court that Morse's actions and inaction in this matter are willful. As Morse has repeatedly failed to participate in the litigation, the Court believes that lesser sanctions would be ineffective to cure the deficiencies. If he is not going to prosecute his case, it does little good to strike evidence or deem matters admitted when he does not appear to want to go to trial. In sum, he appears angry, but seems to have lost all interest in his federal court case.

The Court finds that dismissal, though an extreme sanction, is appropriate in this case. The Court, however, is cautious about affording Morse notice reasonably calculated, under all the circumstances, to apprise him of the pendency of the his case. The Court, therefore, will grant the Defendants a conditional dismissal. Morse has ten days from the entry of this opinion to: (i) provide the Defendants with his initial disclosures; (ii) to provide responses to all outstanding discovery requests; (iii) to contact the Defendants to reschedule his deposition; and (iv) to provide the

Defendants with his portion of the Pretrial Order. If Morse fails to take these actions within ten days, the Court will dismiss his Complaint without prejudice. Morse should also send a letter to the Court during this ten days advising the Court of what he has done to comply with this Court Order.

**IT IS ORDERED** that Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 is conditionally granted. Morse has ten days to contact the Defendants, to provide his initial disclosures, to provide responses to all outstanding discovery requests, to prepare a date for his deposition, and to provide his portion of the Pretrial Order. He also must, during that same time period, advise the Court of what he has done to comply with the Court Order. Failure to do so will result in the dismissal of his Complaint without prejudice. Eleven days after this Order, the Defendants will send a letter to the Court advising whether Morse has complied with this Court Order.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Richard Lee Morse
Los Alamos, New Mexico

    *Plaintiff Pro Se*

Christina L Brennan
James P. Sullivan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

    *Attorneys for the Defendant*